UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 1 OF CHELAN COUNTY, a Washington municipal corporation; PUBLIC UTILITY DISTRICT NO. 1 OF DOUGLAS COUNTY, a Washington municipal corporation; and PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, a Washington municipal corporation,<br><br>      Plaintiffs – Counter-Defendants,<br><br>      vs.<br><br>JOHN HAIRSTON, Administrator of the Bonneville Power Administration, in his Official Capacity as Chairman of the United States Entity for the Columbia River Treaty; and BRIGADIER GENERAL GEOFF VAN EPPS, Commander, U.S. Army Corps of Engineers, Northwestern Division, in his Official Capacity as Member of the United States Entity for the Columbia River Treaty,<br><br>      Defendants – Counterclaimants. | Case No. 2:24-CV-0204-TOR<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this proceeding are three Plaintiffs/Counter-Defendants, Chelan County Public Utility District No. 1, Douglas County Public Utility District No. 1, and

STIPULATED PROTECTIVE ORDER - 1

Grant County Public Utility District No. 2, and two Defendants/Counter-Plaintiffs John Hairston, Administrator of the Bonneville Power Administration, in his Official Capacity as Chairman of the United States Entity for the Columbia River Treaty; and Brigadier General Geoff Van Epps, Commander, U.S. Army Corps of Engineers, Northwestern Division, in his Official Capacity as Member of the United States Entity for the Columbia River Treaty (collectively the "Parties").

The Parties, by and through undersigned counsel, stipulate and jointly move the Court for entry of a protective order that is necessary to ensure the confidentiality of discoverable information at issue in this case and protect against public disclosure. Counsel for the Parties have conferred and agree that entry of this Protective Order is necessary in this matter due to the need to conduct discovery on confidential information related to ongoing negotiations of the Columbia River Treaty and confidential energy market information that is subject to anticompetition laws.

1.  PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

This Protective Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends

STIPULATED PROTECTIVE ORDER - 2

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Action except as it may be amended by the Court. This Order also binds the Parties and their respective agents, successors, personal representatives, and assignees. However, this Protective Order does not govern the use by the Parties of Protected Materials in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Protected Materials in any such hearing or trial.

2. "PROTECTED" MATERIALS

"Protected Materials" may include the following documents and tangible things produced or otherwise exchanged:

- Data used to model streamflows and their hydroregulation on the Columbia River, the results, and methods of evaluating the results. Data and methods that were previously disclosed prior to and outside of the current litigation between the Parties are not considered "Protected Materials." If such data and methods are otherwise covered by an existing Non-Disclosure Agreement between the Parties, the terms of the Non-Disclosure Agreement control.

- Nonpublic records created by the U.S. Entity after January 1, 2023, during

STIPULATED PROTECTIVE ORDER - 3

the course and scope of treaty negotiations.

- Documents that can be withheld as privileged under Federal Rules of Evidence or Civil Procedure that a Party may choose to disclose.

- Confidential information relating to purchases and sales of electricity by any of the three Plaintiffs/Counter-Defendants or the Bonneville Power Administration ("BPA").

Inclusion of a category of information/records in this Section is not intended to be an admission that such information/records are relevant or subject to discovery. Rather, if such information/records are provided or required, such production will be accomplished in accordance with the terms of this Order.

3.     SCOPE

The protections conferred by this agreement cover not only Protected Materials (as defined above), but also (1) any information copied or extracted from Protected Materials; (2) all copies, excerpts, summaries, or compilations of Protected Materials; and (3) any testimony, conversations, or presentations by Parties or their counsel that reveal Protected Materials.

Also, nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any United States agency or department, or any division or office of any such United States agency or department, information or materials provided in this Action, including those designated as Protected Materials under this Order, that relate to a potential violation of law or regulation, or relating to

STIPULATED PROTECTIVE ORDER - 4

any matter within that United States agency's jurisdiction. Nor shall anything contained in this Order prevent or in any way limit or impair the United States agency's ability to use any information provided in this Action, including Protected Materials, in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that United States agency's jurisdiction. Disclosure of information or materials provided in this Action, including those designated as Protected Materials under this Order, is permitted within the meaning of this paragraph, provided that the United States agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Materials in a manner consistent with the terms of this Order.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF PROTECTED MATERIALS</u>

4.1 <u>Basic Principles</u>. A receiving Party may use Protected Materials which are disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Materials shall not be used for any other purpose and shall not be publicly disclosed or disclosed, provided, or communicated in any way or form to anyone other than those persons described in this Order. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Materials must

STIPULATED PROTECTIVE ORDER - 5

be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. Additionally, none of the Parties may provide any Protected Material to any foreign persons or entities, with the exception of experts or consultants retained by a Party to this litigation. If a Party retains an expert or consultant that is a foreign person, the receiving Party shall not provide Protected Material to such person or entity without prior written approval of the disclosing Party, which approval shall not be unreasonably withheld. Notwithstanding the foregoing, Protected Material may be shared with a foreign person or entity who has been retained as an expert or consultant to this litigation if such Protected Material has previously been shared with or received from individuals affiliated with the Government of Canada or is otherwise subject to the Joint Arrangement for Sharing Information Exchanged in Confidence between the United States and Canada executed June 10, 2019 (or comparable agreement). In such case, no prior written approval from the disclosing Party is required, and the Party's expert witness or consultant is bound by the requirements of this Protective Order, including paragraph 4.3(c), and any records, testimony, or any other information obtained through this litigation will not be disclosed by said expert or consultant except as authorized in litigation under this protective order. In the event of any doubt as to whether prior written approval is required as to material marked as Protected Material, the receiving Party seeking to share such information with a foreign person or entity shall inquire of the disclosing Party whether the Protected Material requires prior written approval and

STIPULATED PROTECTIVE ORDER - 6

disclosing Party shall promptly inform receiving Party whether such approval is required.

   4.2 <u>Limitation on Use of Purchase and Sale Records</u>. Each Party agrees and affirmatively represents that it will take appropriate steps to ensure that records received in the course of discovery relating to the purchase and sale of electricity are not disseminated to individuals who are directly involved in the purchase and sale of electricity and employed by or otherwise under contract to such Party ("Market Affiliated Individuals"). For the avoidance of doubt, counsel for the U.S. Entity may share such records with in-house counsel for the Bonneville Power Administration and the Army Corps of Engineers provided they agree such materials or the contents therein will not be shared with Market Affiliated Individuals.

   4.3 <u>Disclosure of Protected Materials</u>. Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose Protected Materials only to:

   (a) the receiving Party's counsel of record in this Action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) the officers, directors, and employees (including in house counsel) of the receiving Party to whom disclosure is reasonably necessary for this litigation;

STIPULATED PROTECTIVE ORDER - 7

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, Court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Protected Materials, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Protected Materials to third parties and to immediately return all originals and copies of any Protected Materials;

(f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) the Parties shall provide a copy of this Order to any individual or entity to whom it discloses Protected Material in accordance with the provisions of the Order. All such persons shall be subject to the terms of this Order; shall be advised by counsel that he or she shall not further disseminate or discuss Protected Materials and must follow the terms of this Order and that the Court can enforce the Order against

STIPULATED PROTECTIVE ORDER - 8

the person to whom discover materials are disclosed; and shall demonstrate their acknowledgement by signing a copy of this Order, which signed copy shall be transmitted to and maintained by the producing Party.

4.4 <u>Filing Protected Materials</u>. Before filing Protected Materials or discussing or referencing such materials in court filings, the filing Party shall confer with the designating Party to determine whether the designating Party will remove the Protected Materials designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific confidential information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5. <u>DESIGNATING PROTECTED MATERIALS</u>

5.1 <u>Exercise of Restraint and Care in Designating Protected Materials</u>. Each Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose

STIPULATED PROTECTIVE ORDER - 9

(*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating Party to sanctions.

If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the word "PROTECTED MATERIALS—SUBJECT TO PROTECTIVE ORDER" to each page that contains Protected Materials. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

STIPULATED PROTECTIVE ORDER - 10

testimony after reviewing the transcript. Any Party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Materials. The Party designated portions of the transcript as protected must direct the court reporter to mark such ports as "PROTECTED MATERIALS—SUBJECT TO PROTECTIVE ORDER".  If a Party desires to use Protected Materials at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "PROTECTED MATERIALS—SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

(d) <u>Electronically stored data</u>: for electronically stored data that is not stored in documentary form (e.g., binary files comprising modelling data), each Party may designate the electronically stored data as Protected Materials by providing a letter to counsel for the receiving Party at the time the electronically stored information is provided which describes the electronically stored data in detail.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material.

STIPULATED PROTECTIVE ORDER - 11

Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.  CHALLENGING PROTECTED MATERIALS DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of Protected Material at any time. Unless a prompt challenge to a designating Party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5,

STIPULATED PROTECTIVE ORDER - 12

if applicable). The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Protected Material," that Party must:

(a) promptly notify the designating Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this

STIPULATED PROTECTIVE ORDER - 13

agreement, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, including what information was disclosed and to whom such unauthorized disclosures were made, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIALS</u>

When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

/ / /

/ / /

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this Action, including all appeals, each receiving Party must return all Protected Materials to the producing Party, including all

STIPULATED PROTECTIVE ORDER - 14

copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision,

- Outside counsel for each Party are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Materials.

- In-house counsel for each Party are entitled to retain one archival copy of all of the same documents as outside counsel, except for Protected Materials relating to purchases and sales of electricity.

The confidentiality obligations imposed by this Order shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 9, 2025

                MORGAN, LEWIS & BOCKIUS LLP

                *s/William D. Kissinger*
                *(approved via email on 12/9/25)*
                Gabriel Reilly-Bates, WSBA #52257
                Molly Terwilliger, WSBA #28449
                1301 Second Avenue, Suite 3000
                Seattle, WA 98101
                Phone: (206) 274-6400
                Email: molly.terwilliger@morganlewis.com
                          gabriel.reillybates@morganlewis.com

STIPULATED PROTECTIVE ORDER - 15

William D. Kissinger (admitted pro hac vice)
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1480
Email: william.kissinger@morganlewis.com
Counsel for Plaintiffs/Counter-Defendants

DATED: December 10, 2025

S. PETER SERRANO
First Assistant United States Attorney

*s/Jacob E. Brooks*
Jacob E. Brooks
Derek T. Taylor
Assistant United States Attorneys
Attorneys for Defendants/Counter-Plaintiffs

STIPULATED PROTECTIVE ORDER - 16

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party.

DATED:  December 16, 2025.

THOMAS O. RICE
United States District Judge

STIPULATED PROTECTIVE ORDER - 17

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____